### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF TENNESSEE

-------------------------------------------------------------------------------x

D.H., a minor, by her next friends A.H., mother, and
E.H., father,

                     Plaintiffs,

              v.

WILLIAMSON COUNTY BOARD OF
EDUCATION; JASON GOLDEN, in his official
capacity as Director of the Williamson County
Schools; THE TENNESSEE DEPARTMENT OF
EDUCATION; and PENNY SCHWINN, in her
official capacity as Commissioner of the Tennessee
Department of Education,

                     Defendants.

Case No. 22-cv-00570

-------------------------------------------------------------------------------x

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a), Plaintiff D.H., a minor, by her next

friends and parents, A.H., mother, and E.H., father,[1] hereby respectfully submits this motion for a

preliminary injunction (the "Motion") against the above-named Defendants to enjoin them from

enforcing the "Tennessee Accommodations for All Children Act," Tenn. Code Ann. § 49-2-801,

*et seq.* (the "School Facilities Law" or "Law") and permit Plaintiff to use the multi-occupancy

restrooms located within any public school building that correspond with her gender identity,

rather than the gender assigned at her birth.

---

[1]     Plaintiff is simultaneously filing a Motion to Proceed Pseudonymously to request
permission for her and her parents to use pseudonyms in this action to protect D.H.'s identity.

Plaintiff is a transgender girl who will be entering the third grade in a public elementary school located within the Williamson County School District on August 5, 2022. The School Facilities Law prevents Plaintiff from using the restrooms which correspond to her gender identity by providing in relevant part that public schools are required to provide a "reasonable accommodation" to any student, teacher, or employee who "[d]esires greater privacy when using a multi-occupancy restroom or changing facility designated for [their] sex and located within a public school building." Tenn. Code Ann. § 49-2-803(a)(1). The School Facilities Law, however, defines "sex" as one's "immutable biological sex as determined by anatomy and genetics existing at the time of birth," including as evidenced by "a person's sex listed on the person's original birth certificate." *Id.* § 49-2-802(4). It further provides that a "reasonable accommodation" may include "access to a single-occupancy restroom or changing facility or use of an employee restroom or changing facility," but excludes from the definition of a reasonable accommodation any "[a]ccess to a restroom or changing facility that is designated for use by members of the opposite sex while members of the opposite sex are present or could be present." *Id.* § 49-2-802(2).

Thus, under the School Facilities Law, Plaintiff, a girl, is not permitted to use a multi-occupancy girl's restroom or changing facility. Instead, she is forced to choose between either: (1) using the restrooms and changing facilities that correspond to her assigned sex at birth, even though that does not comport with her gender identity; (2) being the only student in her school who must regularly use a single-occupancy restroom or changing facility; or (3) simply not use such facilities at all.

Plaintiff was forced to endure life under this scheme for half of the school year in second grade. Under the School Facilities Law's regime, she suffered ostracization and isolation from her classmates, causing stress and anxiety. As a result, Plaintiff began limiting her food and water

2

intake to avoid having to use the bathroom, often going an entire school day without using the restroom. This had a significant impact of her mental, emotional, and physical health.

Accordingly, the School Facilities Law violates both Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX"), and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, as enforceable pursuant to 42 U.S.C. § 1983. For these reasons, Plaintiffs is seeking a preliminary injunction as (1) she is likely to succeed on the merits of their Title IX and Equal Protection claims; (2) she will suffer irreparable harm without injunctive relief; (3) the balance of the equities strongly tips in her favor, and Defendants will not be harmed or suffer any prejudice by the issuance of an injunction; and (4) the public interest weighs in Plaintiff's favor, particularly as she seeks to protect her Constitutional rights.

Plaintiffs' Motion is based on this Motion and the accompanying Memorandum of Law, Declaration of A.H., and Plaintiff's Complaint, which are filed concurrently herewith, and all records and papers on file in this action, any oral argument, and any other evidence that the Court may consider.

Dated:      August 2, 2022

                                                        Respectfully submitted,


                                                        By:  */s/ Tricia Herzfeld*
                                                        Tricia Herzfeld (BPR #26014)
                                                        BRANSTETTER STRANCH & JENNINGS PLLC
                                                        223 Rosa L. Parks Avenue, Suite 200
                                                        Nashville, TN 37203
                                                        T: (615) 254-8801
                                                        F: (615) 255-5419
                                                        triciah@bsjfirm.com

                                                        Adam S. Lurie*
                                                        Sean Mooney*
                                                        Benjamin Kurland*
                                                        LINKLATERS LLP
                                                        1290 Avenue of the Americas
                                                        New York, NY 10104

T: (212) 903-9000
F: (212) 903-9100
adam.lurie@linklaters.com
sean.mooney@linklaters.com
benjamin.kurland@linklaters.com

Jason Starr*
Ami Patel*
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Avenue NW
Washington, D.C. 20036
T: (202) 628-4160
F: (202) 628-0517
jason.starr@hrc.org
ami.patel@hrc.org

* Motions for admission *pro hac vice* forthcoming

*Attorneys for Plaintiff D.H., a minor, by her next friends A.H., mother, and E.H., father*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of August 2022, I notified the below service list of this

Motion and will be serving the same via electronic mail contemporaneously with this filing.

Alexander S. Rieger                         Dana Ausbrooks
Senior Assistant Attorney General           Williamson County Commission
Public Interest Division                    2072 Roderick Circle
Office of the Attorney General and Reporter  Franklin, TN 37064
P.O. Box 20207                              Dana.ausbrooks@wsc.edu
Nashville, TN 37202
Alex.rieger@ag.tn.gov


                                        */s/ Tricia Herzfeld*
                                        Tricia Herzfeld