IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| D.H., a minor, by her next friends A.H., mother, and E.H., father,<br>    Plaintiff,<br><br>v.<br><br>WILLIAMSON COUNTY BOARD OF EDUCATION; JASON GOLDEN, in his official capacity as Director of The Williamson County Schools; TENNESSEE DEPARTMENT OF EDUCATION; and PENNY SCHWINN, in her official capacity as Commissioner of the Tennessee Department of Education,<br>    Defendants. | Civil Action No. 3:22-cv-00570<br><br>Judge Campbell/Frensley |

## ORDER

### I.    INTRODUCTION

Plaintiff, D. H. brings this lawsuit challenging the Tennessee Accommodation for All Children Act, T. C. A. § 49-2-801, et seq. against the Williamson County Board of Education and Jason Golden, Director of Williamson County Schools and the Tennessee Department of Education and Penny Schwinn, Commissioner of the Tennessee Department of Education challenging the Act as violating the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution and Title IX of the Education Amendments of 1972, 20 U. S. C. § 1681, et seq.. Docket No. 1 (Complaint).

The Plaintiff has sought (Docket No. 5), and been denied (Docket No. 55), a preliminary injunction. The Defendants have filed motions to dismiss which are fully briefed and before the Court for decision. Docket Nos. 46 and 48.

The matter is now before the Court upon on a motion to stay discovery filed by the State

Defendants. Docket No. 51. The state Defendants have filed a supporting memorandum (Docket No. 52) and the County Defendants have joined the motion raising additional issues (Docket No. 59). The Plaintiff has filed a response in opposition. Docket No. 60. The State Defendants have filed a reply. Docket No. 61. For the reasons set forth below, the motion to stay (Docket No. 51) is **DENIED**.

## II. LAW AND ANALYSIS

### A. Motions to Stay

"District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005), *citing Hahn v. Star Bank*, 190 F. 3d 708, 719 (6th Cir. 1999). Further, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Sevier v. Apple, Inc.*, No. 3:13-cv-0607, 2014 U.S. Dist. LEXIS 18402, at *10 (M.D. Tenn. Feb. 13, 2014), *quoting Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F. 3d 300, 304 (6th Cir. 2003) (internal quotation marks omitted).

At the same time, "[t]he mere fact a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Collabera v. Ligget*, No. 3:21-cv-00123, 2021 WL 6496801, 2021 U.S. Dist. LEXIS 250832, at *2 (M.D. Tenn. June 21, 2021), *quoting Stirling v. Hunt*, No. 12-2737, 2012 WL 12899060, 2012 U.S. Dist. LEXIS 163371, at *1 (W.D. Tenn. Nov. 15, 2012). And the Local Rules of this District specifically advise that "[d]iscovery is not stayed, including during the pendency of dispositive motions, unless specifically authorized by Fed. R. Civ. P. 26(d) or by order of the Court, or with regard to e-discovery, as outlined in

Administrative Order 174-1."[1] LR 16.01(g). Accordingly, "unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 U.S. Dist. LEXIS 98934, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010). While the Court has the inherent discretionary power to stay proceedings as part of its ability to manage its docket, it must "tread carefully" in granting a motion to stay, because every party has a "right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. USDC S.D. of Ohio*, 565 F. 2d 393, 396 (6th Cir. 1977), *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see Gray v. Bush*, 628 F. 3d 779, 785 (6th Cir. 2010) (same).

B. **Defendants' Motion to Stay**

Defendants ask the Court to stay discovery in this matter pending the resolution of the motions to dismiss in which the Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted. Docket Nos. 52, 59; *see* Docket Nos. 46, 48. The Defendants assert that "the Parties have thoroughly contested D. H.'s legal basis for suit" and "no amount of discovery" can salvage the lawsuit. Docket No. 52. p. 2. The Defendants assert that a stay would serve judicial economy and the interests of all parties on the grounds that the pending motions to dismiss may be fully or partially dispositive of the issues raised in this action. They further assert that compelling them to participate in discovery would be "unfair, burdensome, and needless fact finding." *Id.* at p. 5. The state Defendants also assert that because the Defendants are public servants, participating in discovery would create additional burdens and redirect resources away

---

[1] Rule 26(d), which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," is not implicated here. Similarly, this is not a dispute about e-discovery.

3

from Defendants' mission of educating students. *Id.* at p. 7. The county Defendants further note that based upon the nature of the claims asserted in this action there will be extensive discovery of sensitive and confidential information that would implicate concerns under the Family Educational Rights and Privacy Act ("FERPA"). Docket No. 59, p. 2. They argue that the implications of FERPA would further increase the burdens of proceeding with litigation which may ultimately be unnecessary in the event the Court were to grant the motions to dismiss. *Id.*

The Plaintiff opposes the motions to stay pending resolution of the 12(b)(6) motions. Docket No. 60. The Plaintiff notes that a stay of discovery would contradict the default position set forth in Judge Campbell's initial case management order and Local Rule 16.01(g), both of which provide that discovery is not stayed even during the pendency of dispositive motions. *Id.* Plaintiff argues that the issues raised in the Defendants' motion to dismiss can be characterized as "fairly debatable" in which case courts routinely decline to grant a stay of discovery. *Id.* at p. 4 (citations omitted). Plaintiff additionally argues that while Defendants' motions to stay asserts that discovery would be unfair, burdensome, and needless fact finding, they have offered no specifics beyond these conclusory statements. *Id.*

The Parties all acknowledge the Court's inherent authority to stay discovery in civil actions. While it may "defy common sense," this Court has adopted a rule that the pendency of a motion to dismiss (comprehensive or otherwise) is not in and of itself a sufficient basis to stay discovery. The Court's rules and the preferences of the judges of this Court recognize that there may be reasons to stay discovery and allow for such exceptions. However, those are exceptions and by definition should be used sparingly. The Court in unconvinced that this is such a circumstance.

The Defendants arguments are essentially that discovery is time consuming, distracting and potentially expensive. They have filed motions to dismiss which they believe will be successful in

4

whole or part and thus eliminate all together or in large measure, the need to participate in that discovery. Apart from the potential FERPA considerations, the Defendants point to nothing that distinguishes this case from any other case in which an early dispositive motion is filed. While they are certainly correct that if a motion to dismiss is granted, there is no need for discovery, the Court was aware of this when it adopted the Local Rule that discovery is not stayed pending the resolution of dispositive motions. The Court is further satisfied that the Parties can work together to minimize the burdens of discovery as would be expected in any other case. Finally, there is simply nothing before the Court to allow it to determine that the burdens in this litigation are any greater than other litigation where discovery is not stayed.

### III.  CONCLUSION

For the foregoing reasons, the Defendants' motion to stay (Docket No. 51) is **DENIED.**

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**