UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

D.H.,

    *Plaintiff*,

  v.

WILLIAMSON COUNTY
BOARD OF EDUCATION, *et al.*,

    *Defendants*.

Case No. 3:22-cv-00570
District Judge William L. Campbell, Jr.
Magistrate Judge Jeffery S. Frensley

**REPLY IN SUPPORT OF THE DEPARTMENT AND COMMISSIONER OF EDUCATION'S MOTION FOR REVIEW OF THE NONDISPOSITIVE ORDER OF THE MAGISTRATE JUDGE DENYING A STAY OF DISCOVERY**

**ARGUMENT**

The Stay Denial Order runs "contrary to law." *U.S. ex rel. Goodman v. Arriva Med., LLC*, 471 F. Supp. 3d 830, 836 (M.D. Tenn. 2020) (quotation omitted). The law of this District—like every other district—allows the Court to stay discovery to conserve "time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see* LR 16.01(g). The law of this District—like every other district—dictates that a party who files a "deficient" complaint "is not entitled to discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009); *see Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). Consistent with those premises, the law of this Circuit "prevents plaintiffs from launching a case into discovery" and "imposing" its attendant "costs, . . . 'when there is no reasonable likelihood that [they] can construct a claim from the events related in the complaint.'" *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)). The Stay Denial Order ignores those legal precepts and fails to account properly for the interests of party and judicial economy. *See* D.E. 71 (Dep't Rev. Br.) at 563-71.[1] Plaintiff D.H.'s attempts to defend the Order, *see* D.E. 73 (D.H. Rev. Opp'n), do not stand up to scrutiny.

***1. The Opposition once again fails to identify a factual issue worth vetting through discovery.*** D.H. has had three opportunities to identify a concrete factual issue worth exploring: *first* in response to the Department's[2] motion to dismiss; *then* in response to the Department's initial stay motion; *and finally* in the most recent Opposition brief. Each time, D.H. has failed to identify even one factual issue for discovery to resolve—not one. The upshot of that is unmistakable. Discovery would serve no purpose but to "impose[] costs" on the parties and the Court. *Flagstar*,

---

[1] Pincites to record materials reference the "Page ID" numbers in the ECF file stamps.

[2] References to "the Department" (meaning the Tennessee Department of Education) include its Commissioner, Penny Schwinn, in her official capacity.

1

727 F.3d at 504. That truth alone justifies the requested stay.

*2. The Opposition does not meaningfully address **Twombly**, **Iqbal**, or other applicable precedents.* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), explain the federal pleading standards and explicitly provide that a deficient complaint does not "entitle[]" a plaintiff "to discovery, cabined or otherwise," Iqbal, 556 U.S. at 678. The Opposition dismisses those cases and their progeny as "unrelated" to the Department's stay request because they do not *specifically* "address" discovery stays. D.H. Rev. Opp'n 584. But the "legal precepts" laid down in those decisions *are* "applicable" here. Goodman, 471 F. Supp. 3d at 836 (quotation omitted). Indeed, the pleading standards set the prerequisites to discovery and inform the issues of judicial economy that must guide any stay analysis. *See Mann v. Brenner*, 375 F. App'x 232, 239-40 (3d Cir. 2010); *accord Hahn v. Star Bank*, 190 F.3d 708, 719-20 (6th Cir. 1999). A court thus cannot properly deny a pleading-stage stay without squaring its decision with *Twombly*, *Iqbal*, and related circuit precedents. *Cf. New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (explaining changes to case management compelled by *Twombly* and *Iqbal*); *Olivares v. Performance Contracting Grp.*, No. 19-2357, 2020 WL 6829552, at *3 (6th Cir. July 14, 2020) (same); *Spencer v. Wetzel*, No. 3:12-cv-616, 2012 WL 2930228, at *2 (M.D. Pa. July 18, 2012) (same). The Stay Denial Order commits that very error.

*3. The Opposition relies on inapposite, outdated, and nonbinding cases that misstate the law.* To fill the void left by ignoring the applicable precedents, the Opposition points to a litany of unpublished district court orders. *See* D.H. Rev. Opp'n 583-86. This Court is not bound by those decisions, *see Oh. A. Philip Randolph Inst. v. Larose*, 761 F. App'x 506, 514 n.4 (citing *Camreta v. Greene*, 563 U.S. 692, 730 n.7 (2011)), and it has sound bases to disregard them.

To begin with, several of the cited cases are factually inapposite. Some dealt with motions

2

to stay *ongoing* discovery after the plaintiff had cleared the pleading stage. *See Bowens v. Columbus Metro. Libr. Bd. of Trs.*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010); *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005). Another denied a stay to a defendant that filed a *partial* motion to dismiss that could not have disposed of the lawsuit. *See Travelers Cas. & Sur. Co. of Am. v. Pascarella*, No. 1:10-cv-157, 2010 WL 11494066, at *1 (E.D. Tenn. Dec. 13, 2010). Two more addressed motions for *protective orders* filed under Rule 26. *See Univ. of Tenn. Rsch. Found. v. Caelum Biosciences, Inc.*, No. 3:19-cv-508, 2022 WL 2232192 (E.D. Tenn. June 21, 2022); *Rhea Drugstore, Inc. v. Smith & Nephew, Inc.*, No. 2:15-cv-2060, 2015 WL 12867935, at *1 (W.D. Tenn. May 28, 2015). This case does not present any of those scenarios.

The remaining cases contain their own legal errors. Two of them apply the protective order standard to a discovery stay motion. *See Collabera, Inc. v. Liggett*, No. 3:21-cv-123, 2021 WL 6496801, at * 1 (M.D. Tenn. June 21, 2021); *Cockrill v. Mortg. Elec. Registration Sys.*, No. 3:13-cv-31, 2013 WL 1966304, at *2 (M.D. Tenn. May 10, 2013). The Department has already explained how "both binding and persuasive precedent foreclose" that very practice, Dep't Rev. Br. 571, and D.H. has offered no counterargument. Instead, the Opposition shifts focus to *Ray v. Director, Ohio Department of Public Health*, No. 2:18-cv-272, 2018 WL 4907080 (S.D. Ohio Oct. 10, 2018), a case that does nothing more than apply *Williams v. New Day Farms, LLC*, No. 2:10-cv-394, 2010 WL 3522397 (S.D. Ohio Sept. 7, 2010). As the Department has already explained, *Williams* "does not reflect the law in this Court or anywhere else." Dep't Rev. Br. 566. Offering no defense of *Williams*'s reasoning, D.H. cannot rely on *Ray* to justify the Stay Denial Order.

***4. The Opposition attempts to rewrite Local Rule 16.01(g).*** The Opposition also fails to support the Stay Denial Order through the text of Local Rule 16.01(g). According to D.H., "the

3

Local Rule plainly states that courts . . . should not [issue discovery stays] except in limited circumstances." D.H. Rev. Opp'n 580. But the Opposition does not quote the Rule for that assertion, because that text is conspicuously absent. The Rule does no more than state that "[d]iscovery is not stayed . . . during the pendency of [a] dispositive motion[] unless . . . by order of the Court." LR 16.01(g). The standards for issuing such an order come not from the Rule itself but from caselaw the Opposition avoids. *See supra* at 1-2; D.E. 52 (Dep't Stay Br.) at 358-61, Dep't Rev. Br. 564-67.

*5. **The Opposition attacks a strawman version of the Department's argument.*** To be clear, the Department is not arguing that a discovery stay should be issued "in all instances in which a motion to dismiss [is] pending." D.H. Rev. Opp'n 580. Rather, the Department is arguing that the governing caselaw calls for a context-dependent assessment of discovery's value in furthering litigation, *see Landis*, 299 U.S. at 254, and that assessment should generally favor a stay in the circumstances presented here. The Department has never conceded that any part of the complaint is viable. The motions to dismiss cover all D.H.'s claims and legal theories. And the arguments for dismissal are strong, as this Court itself has indicated. *See* Dep't Rev. Br. 567. Given those circumstances, "the most expeditious process" is to conduct discovery only when "viable claims are left" following a ruling on the motions to dismiss. *Jenkins v. Medtronic, Inc.*, No. 2:13-cv-2004, 2014 WL 10384962, at *3 (W.D. Tenn. June 30, 2014).

*6. **The Department has not assumed that its "motion to dismiss will succeed."*** D.H. Rev. Opp'n 580. Even resolving the motion in D.H.'s favor "before discovery begins" would still "crystaliz[e] the issues and 'dispens[e] with needless . . . factfinding.'" Dep't Rev. Br. 565 (quoting *Neitzke v. Williams*, 490 U.S. 319, 319 (1989)). But *the Court* has also indicated this case likely *will* be dismissed, *see* Dep't Rev. Br. 560-61, a fact that the Opposition tries to bury.

But even more importantly, the Opposition's extensive discussion of this lawsuit's merit errs at nearly every turn. It yet again seeks intermediate scrutiny for the Equal Protection claim by gesturing to an argument D.H. has forfeited. *Compare* D.H. Rev. Opp'n 581 ("[T]he *Adams* court applied intermediate scrutiny."), *with* D.E. 65 (Dep't Mot. Dismiss Reply) at 473 ("D.H. does not challenge the separation of bathrooms by sex."), *and Adams ex rel. Kasper v. Sch. Bd.,* -- F.4th ---, 2022 WL 18003879, at *7 (11th Cir. 2022) ("[T]he policy that Adams challenges classifies on the basis of biological sex . . . ."). It yet again conflates the state's interest in bathroom privacy with an individual's (purported) due process right to exclude someone else from a public bathroom. *Compare* D.H. Rev. Opp'n 581 (citing *Parents for Privacy v. Barr*, 949 F.3d 1210 (9th Cir. 2020), and *Doe ex rel. Doe v. Boyertown Area Sch. Dist.*, 897 F.3d 518 (3d Cir. 2018)), *with* Dep't Mot. Dismiss Reply 476-77 (explaining the "critical difference between the two," *id.* at 477). It raises factual issues that bear no relation to D.H.'s constitutional or statutory rights. *See* D.H. Rev. Opp'n 581 (discussing the age difference between D.H. and the *Adams* plaintiff). And, perhaps most inaccurately, it claims that the trial held in *Adams ex rel. Kasper v. Sch. Bd.,* -- F.4th ---, 2022 WL 18003879 (11th Cir. 2022), indicates that D.H. should have "the opportunity . . . to develop a factual record," D.H. Rev. Opp'n 583. In fact, the opposite is true: the *Adams* court reversed the district court's judgment after identifying errors of law, *see* 2022 WL 18003879, at *1, 19, indicating that trial—and discovery—were an enormous waste of time.

It is thus not "improper for the Court to consider" the legal merits of this case in deciding whether to stay discovery. D.H. Rev. Opp'n 580. Rather than "circumvent . . . procedures," *id.* (quoting *Ray*, 2018 WL 4907080, at *2), it would honor the pleading rules, *see, e.g.*, *Flagstar*, 727 F.3d at 504 (citing *Twombly*, 550 U.S. at 558), and safeguard this Court's finite resources.

## CONCLUSION

The Court should stay all discovery until the motions to dismiss are resolved.

5

Dated: January 26, 2023        Respectfully Submitted,

JONATHAN SKRMETTI
  *Tennessee Attorney General & Reporter*

ANDRÉE S. BLUMSTEIN
  *Tennessee Solicitor General*

J. MATTHEW RICE
  *Special Assistant to the Solicitor General*

ALEXANDER S. RIEGER
  *Senior Assistant Attorney General*

*/s/ Gabriel Krimm*
GABRIEL KRIMM
  *Assistant Solicitor General*
Office of the Tennessee
 Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-5596
BPR No. 036087
Gabriel.Krimm@ag.tn.gov

  *Counsel for the Tennessee Department*
  *and Commissioner of Education*

## CERTIFICATE OF SERVICE

I certify that I filed the above document using the Court's CM/ECF system on January 26, 2023, which electronically served a copy to all counsel of record, namely:

**Adam S. Lurie**
**Ami Rakesh Patel**
**Jason Starr**
**Sean Mooney**
**Tricia Herzfeld**
  *Counsel for D.H.*

**Courtney M. King**
**Lisa M. Carson**
  *Counsel for the Williamson County*
    *Board of Education and*
  *Jason Golden in his official capacity as*
    *Director of the Williamson County Schools*

**James Matthew Rice**
**Alexander Stuart Rieger**
**Gabriel Krimm**
  *Counsel for the Tennessee*
    *Department of Education and*
  *Penny Schwinn in her official capacity as*
    *Commissioner of the Tennessee*
    *Department of Education*

                                                */s/ Gabriel Krimm*
                                                Gabriel Krimm