UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| D.H., | ) |
|     *Plaintiff*, | ) |
| | ) Case No. 3:22-cv-00570 |
| v. | ) District Judge William L. Campbell, Jr. |
| | ) Magistrate Judge Jeffery S. Frensley |
| WILLIAMSON COUNTY BOARD OF EDUCATION, *et al.*, | ) |
|     *Defendants*. | ) |

## MOTION TO RECONSIDER

Because the Sixth Circuit's decision in *L.W. v. Skrmetti*, ___ F.4th ___, 2023 WL 6321688 (6th Cir. Sept. 28, 2023), changed the controlling authority relevant to this case, the Tennessee Department and Commissioner of Education[1] respectfully move this Court to reconsider its recent Memorandum and Order (D.E. 82 and 83) denying Defendants' motion to dismiss Plaintiff's Equal Protection claim. "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders . . . before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). And they frequently do so to account for "intervening changes in controlling authority." *ACT, Inc. v. Worldwide Interactive Network, Inc.*, 46 F.4th 489, 508 (6th Cir. 2022); *see also* MTD Memo, D.E. 82, at PageID643 (stating that "[i]f the law changes during the pendency of this litigation, the Court will consider further briefing").

---

[1] Lizzette Reynolds replaced Penny Schwinn as Commissioner of the Department of Education. Commissioner Reynolds should thus be "automatically substituted as a party." Fed. R. Civ. P. 25(d).

1

The day after this Court issued its Memorandum and Order, the Sixth Circuit issued a binding opinion in *L.W. v. Skrmetti* that forecloses application of intermediate scrutiny to D.H.'s claim. Rather than require the parties to engage in costly discovery under that inapplicable standard, the Court should revisit its Equal Protection analysis in light of *L.W.*, dismiss the asserted Equal Protection claim, and enter judgment for Defendants.

As required by Local Rule 7.01(a)(2), this motion is supported and accompanied by a separately filed memorandum of law, which is incorporated herein by reference. And in accordance with Local Rule 7.01(a)(1), the Commissioner and Department of Education contacted Plaintiff D.H. about their intention to file this motion. Plaintiff opposes the motion.

Dated: October 4, 2023

Respectfully submitted,

JONATHAN SKRMETTI
 *Attorney General & Reporter*

ANDRÉE S. BLUMSTEIN
 *Solicitor General*

*/s/ James Matthew Rice*
JAMES MATTHEW RICE
 *Associate Solicitor General &*
 *Special Assistant to the Solicitor General*

GABRIEL KRIMM
 *Assistant Solicitor General*

Office of the Tennessee
 Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-6026
Matt.Rice@ag.tn.gov

*Counsel for the Tennessee Department and Commissioner of Education*

## CERTIFICATE OF SERVICE

I certify that I filed the above document using the Court's CM/ECF system on October 4, 2023, which electronically served a copy to all counsel of record, namely:

**Adam S. Lurie**
**Ami Rakesh Patel**
**Jason Starr**
**Tricia Herzfeld**
  Counsel for D.H.

**Courtney M. King**
**Lisa M. Carson**
  *Counsel for the Williamson County*
    *Board of Education and*
  *Jason Golden in his official capacity as*
    *Director of the Williamson County Schools*

**James Matthew Rice**
**Gabriel Krimm**
  *Counsel for the Tennessee*
    *Department of Education and*
  *Lizzette Reynolds in her official capacity as*
    *Commissioner of the Tennessee*
    *Department of Education*

                                              */s/James Matthew Rice*
                                              James Matthew Rice