IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| D.H., a minor, by her next friends A.H., mother, and E.H., father, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | NO. 3:22-cv-00570 JUDGE CAMPBELL MAGISTRATE JUDGE FRENSLEY |
| WILLIAMSON COUNTY BOARD OF EDUCATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT WILLIAMSON COUNTY BOARD OF EDUCATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO RECONSIDER THE DENIAL OF ITS MOTION TO DISMISS PLAINTIFF'S EQUAL PROTECTION CLAIM**

Comes Defendant Williamson County Board of Education ("WCBOE") and submits this Memorandum of Law in Support of its Motion to Reconsider the Court's September 27, 2023, Memorandum and Order denying WCBOE's Motion to Dismiss Plaintiff's Equal Protection Claim. (Docs. 48, 49, 82, 83.)

**ARGUMENT**

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). One ground that justifies such reconsideration is where there is "an intervening change of controlling law."[1] *Id.* In the instant case, such a change

---

[1] The Court foresaw that such a change in the controlling law applicable to this case might occur. (Doc. 82, PageID # 643.) In its Memorandum Opinion, the Court noted that "legislatures and courts across the country are grappling with law and policy dilemmas related to gender identity," and

occurred when the Sixth Circuit issued its opinion in the consolidated cases of *L.W. v. Skrmetti,* No. 23-5600, and *Jane Doe 1 v. Thornbury,* No. 23-5609 (hereinafter *"L.W."*), 2023 U.S. App. LEXIS 25697 (6th Cir. Sept. 28, 2023). As this opinion dictates that Plaintiff's equal protection claim is subject to rational basis review as opposed to intermediate scrutiny, Defendant WCBOE respectfully requests that the Court reconsider its denial of Defendant WCBOE's motion to dismiss Plaintiff's equal protection claim.

*L.W.* concerned a consolidated challenge to Tennessee and Kentucky laws prohibiting the provision of certain gender-affirming treatments to minors. 2023 U.S. App. LEXIS 25697, at *10–18. Federal district courts in both Tennessee and Kentucky preliminarily enjoined the laws. *Id.* at *14–18. On appeal, the Sixth Circuit reversed. *Id.* at *72. In reaching this conclusion, the Sixth Circuit clarified that not all sex-based classifications trigger intermediate scrutiny. *Id.* at *51. Specifically, the Court noted that while sex-based classifications that perpetuate invidious stereotypes or unfairly allocate benefits and burdens trigger intermediate scrutiny, "those harms, and the necessity of heightened review, will not be present every time that sex factors into a government decision." *Id.* For example, laws that regulate medical procedures unique to one sex do not trigger intermediate scrutiny. *Id.* at *52. Likewise, housing incarcerated men and women separately does not trigger intermediate scrutiny—provided, of course, that the men and women have access to comparable resources. *Id.* "The same is true of a sex-based decision to place urinals only in men's rooms." *Id.* In each of these cases, mere references to biological sex and "to 'enduring' differences between men and women do not trigger heightened review." *Id.* (citing

---

highlighted that the courts that have considered issues like those in the instant case have reached conflicting results. (*Id.*) Because of this, the Court stated that it would consider additional briefing regarding Plaintiff's equal protection claim should the applicable law change. (*Id.*) The recent Sixth Circuit decision affords good cause for such additional consideration.

*United States v. Virginia*, 518 U.S. 515, 533 (1996)). This is because "[r]ecognizing and respecting biological sex differences does not amount to stereotyping[.]" *Id.* at 32.

Applying the reasoning of *L.W.* to the instant case, Plaintiff's equal protection claim against Defendant WCBOE is subject to rational basis review. Although Defendant WCBOE's "bathroom policy clearly involves classifications based on sex" (Doc. 82, PageID # 641)[2], it does not "perpetuate[] invidious stereotypes or unfairly allocate[] benefits and burdens" on the basis of sex. *L.W.*, 2023 U.S. App. LEXIS 25697, at *51. Regarding the allocation of benefits and burdens, "[t]he multi-occupancy facilities [at Plaintiff's school] are U-shaped restrooms where girls' and boys' facilities are separated but share a common handwashing trough." (Doc. 1, ¶ 58, PageID # 15.) Plaintiff has not alleged that these facilities differ in size or quality, and the fact that the boys' and girls' multi-occupancy restrooms are in the same locations means that they are equally convenient. Thus, assigning who may use the multi-occupancy restrooms at Plaintiff's school on the basis of biological sex—and thereby not allowing Plaintiff to use the girls' multi-occupancy restrooms—does not impose unequal burdens or benefits on the sexes, nor does it perpetuate invidious stereotypes. Rather, it simply "[r]ecogniz[es] and respect[s] biological sex differences." *L.W.,* 2023 U.S. App. LEXIS 25697, at *56. Accordingly, although WCBOE's bathroom policy involves sex-based classifications, it does not "perpetuate[] invidious stereotypes or unfairly

---

[2] Plaintiff has disclaimed any challenge to the existence of sex-separated bathrooms. (Doc. 62, PageID # 447 ("[I]t is worth reiterating that Plaintiff is not alleging that it is the practice itself of having separate boys' and girls' bathrooms that violates Plaintiff's Equal Protection rights.")). Rather, Plaintiff appears to be arguing that the classification between biological males and biological females for purposes of use of multi-occupancy restrooms has an incidental disparate impact on transgender persons. As this Court noted, and *L.W.* clarified, such claims are subject to rational basis review. (Doc. 82, PageID # 641, n.2) (quoting *L.W. v. Skrmetti*, 73 F.4th 408, 420 (6th Cir. 2023)); *see also L.W.*, 2023 U.S. App. LEXIS 25697, at *57 ([N]either the Supreme Court nor this Court has recognized transgender status as a suspect class. Until that changes, rational basis review applies.").

allocate[] benefits and burdens" such that intermediate scrutiny would apply. *Id.* at *51. Thus, rational basis review applies to Plaintiff's equal protection claim against WCBOE.

Applying rational basis review to Plaintiff's equal protection claim, it must fail. Under rational basis review, government action is presumed to be valid and will be upheld if the classification created by the law or policy at issue is related to a legitimate state interest. *See, e.g.*, *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). This standard does not require policymakers to "actually articulate . . . the purpose or rationale supporting" the policy. *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 320 (1993) (quotation omitted). Rather, a court must uphold the policy "if there is a reasonably conceivable state of facts" or "plausible" justification that rationally connects the classification scheme to legitimate government ends. *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993) (quotation omitted). "[T]hose attacking the rationally of the . . . classification [scheme] have the burden 'to negative every conceivable basis which might support it.'" *Id.* at 315 (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)). That requirement places a "heavy" burden on plaintiffs. *Doe v. Michigan Dep't of State Police*, 490 F. 3d 491, 504 (6th Cir. 2007).

As outlined in WCBOE's Memorandum of Law in Support of its Motion to Dismiss (Doc. 49, PageID # 337-342), the WCBOE policy is rationally related to several legitimate governmental interests, including the "important government interests" of promoting privacy and safety (Doc. 82, PageID # 641). While the record as to the nature and extent of these interests may have been inadequately developed at this stage of the litigation to warrant dismissal of Plaintiff's equal protection claim under intermediate scrutiny, they are clearly sufficient to satisfy rational basis review. *See L.W.*, 2023 U.S. App. LEXIS 25697, at *64. Accordingly, Plaintiff's equal protection claim against Defendant WCBOE should be dismissed. (*See* Doc. 49, PageID # 338–42.)

## CONCLUSION

For the foregoing reasons, Defendant WCBOE respectfully requests that the Court reconsider its September 27, 2023 Order and grant Defendant WCBOE's Motion to Dismiss Plaintiff's equal protection claim.

Respectfully submitted,

**BUERGER, MOSELEY & CARSON, PLC**

/s/ *Courtney King*
Lisa M. Carson, BPR# 14782
Courtney King, BPR# 35625
*Attorneys for Defendant Williamson County Board of Education*
4068 Rural Plains Cir., Suite 100
Franklin, TN 37064
Telephone: (615) 794-8850
Facsimile: (615) 790-8861
lcarson@buergerlaw.com
cking@buergerlaw.com

# CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing document has been delivered electronically via the Court's electronic filing system to:

| | |
|---|---|
| *Attorneys for Plaintiff*<br><br>Tricia Herzfeld<br>Branstetter Stranch & Jennings PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville Tennessee, 37203<br>triciah@bsjfirm.com<br><br>Adam S. Lurie<br>Sean Mooney<br>Benjamin Kurland<br>LINKLATERS LLP<br>1290 Avenue of the Americas<br>New York, New York, 10104<br>adam.lurie@linklaters.com<br>sean.mooney@linklaters.com<br>benjamin.kurland@linklaters.com<br><br>Jason Starr<br>Ami Patel<br>Human Rights Campaign Foundation<br>1640 Rhode Island Avenue NW<br>Washington, D.C. 20036<br>jason.starr@hrc.org<br>ami.patel@hrc.org | *Attorneys for the Tennessee Department of Education and Lizzette Reynolds, as Commissioner of the Tennessee Department of Education*<br><br>Alexander S. Rieger<br>Gabriel Krimm<br>Matt Rice<br>Attorney General's Office for the State of Tennessee<br>P.O. Box 2027<br>Nashville, Tennessee 37202<br>alex.rieger@ag.tn.gov<br>gabriel.krimm@ag.tn.gov<br>matt.rice@ag.tn.gov |

on this the 4th day of October, 2023.

              */s/ Courtney King*
              Courtney King