# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| D.H., a minor, by her next friends A.H., mother, and E.H., father. ) ) ) | |
| ) | Case No.: 3:22-cv-00570 |
| Plaintiff, ) ) | |
| ) | Judge William L. Campbell, Jr. |
| v. ) | |
| ) | Magistrate Judge Jeffery S. Frensley |
| WILLIAMSON COUNTY BOARD OF ) EDUCATION, et al., ) ) | |
| Defendants. ) ) | |

## ANSWER TO COMPLAINT

The Tennessee Department of Education and Lizzette Gonzalez Reynolds, Commissioner of the Tennessee Department of Education, (collectively, the "State Defendants"), by and through the Office of the Tennessee Attorney General and Reporter, answers Plaintiff's Complaint as follows:

## INTRODUCTION

1. The State Defendants admit that the Tennessee Accommodations for All Children Act was enacted by the Tennessee General Assembly. The remaining allegations are denied. The statements in the referenced footnote do not require a response.

2. The American Psychiatric Association Diagnostic and Statistical Manual of Mental Disorders is a written document that speaks for itself, and any allegation that conflicts with the contents of that document are denied. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. The statement in the referenced footnote that a 504 Plan is an education plan developed according to

Section 504 of the Rehabilitation Act is admitted. The remaining statements in the referenced footnote contain conclusions of law to which no response is required.

3. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. Denied.

11. Denied.

12. The statements in this paragraph do not require a response.

## JURISDICTION AND VENUE

13. This paragraph contains conclusions of law to which no response is required.

14. This paragraph contains conclusions of law to which no response is required. The asserted cause of action implicates 28 U.S.C. § 1331 and 1343. Plaintiff lacks standing to sue the

Commissioner and Department of Education. The Commissioner and Department of Education have sovereign immunity.

15. Admitted.

16. This paragraph contains conclusions of law to which no response is required. The State Defendants deny that this Court has the power to enter any requested relief against the Commissioner and Department of Education and deny that any relief is warranted in this case.

17. Admitted in part and denied in part. The State Defendants admit that the Court has personal jurisdiction over them, but they deny that D.H.'s federal constitutional and statutory rights were denied.

**PARTIES**

18. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

20. Admitted in part. The State Defendants admit that the Williamson County Board of Education is an elected body that promulgates policies for Williamson County Schools. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required.

21. Admitted in part. The State Defendants admit that Jason Golden is the Director of Williamson County Schools. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. This paragraph also contains conclusions of law to which no response is required.

22. This paragraph contains conclusions of law to which no response is required. The State Defendants deny that the Department of Education is a person within the meaning of 42 U.S.C. § 1983. The State Defendant deny that the Commissioner and Department of Education have taken any action relevant to this dispute.

23. The State Defendants admit that Penny Schwinn was the Commissioner of the Department of Education on the date the Complaint was filed. However, Lizzette Gonzalez Reynolds is the current Commissioner, and is automatically substituted in this action as the correct party. The remaining allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

24. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

25. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

26. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

27. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

28. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

35. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

36. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

39. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

40. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

43. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

44. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

45. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

46. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

47. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

48. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

49. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

50. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

51. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

52. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

53. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

54. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

55. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

56. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

57. Admitted.

58. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

59. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

60. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

61. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

62. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

63. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

64. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

65. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

66. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

67. Denied.

68. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

69. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

70. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

71. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

72. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

73. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

74. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

75. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

76. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

77. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

78. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

79. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

80. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

81. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. In addition, the allegations in this paragraph paraphrase the contents of the DSM-5, which is a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

82. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

83. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

84. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

85. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

86. The State Defendants deny that D.H.'s rights have been violated. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

87. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

88. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

89. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

90. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

91. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

92. Admitted.

93. Admitted in part and denied in part. The State Defendants admit that the statutes referenced in footnotes 7 through 10 were signed into law. The remaining allegations are denied.

94. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied. The State Defendants deny the stated characterization of the referenced law.

95. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

96. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

97. Denied.

98. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

99. Denied.

100. Denied.

101. Denied.

102. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

103. Denied.

104. Denied in part. The State Defendants deny that the Accommodations for All Act governs D.H.'s restroom usage. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

105. Denied.

106. This paragraph contains conclusions of law to which no response is required.

107. The State Defendants admit that the Biden administration issued Executive Order 13988 on January 20, 2021. The remaining allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

108. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

109. Admitted.

110. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

The legal conclusions in the referenced document require no response and, to the extent they do, the allegations are denied.

111. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied. The legal conclusions in the referenced document require no response and, to the extent they do, the allegations are denied.

112. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied. The legal conclusions in the referenced document require no response and, to the extent they do, the allegations are denied.

113. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

114. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied. The legal conclusions in the referenced document require no response and, to the extent they do, the allegations are denied.

115. The allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied. The legal conclusions in the referenced document require no response and, to the extent they do, the allegations are denied.

116. The State Defendants admit that the Biden administration issued Executive Order 14075 on June 15, 2022. The remaining allegations in this paragraph refer to the contents of a

written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

117. The State Defendants admit that the U.S. Department of Education issued a proposed rule as alleged in this paragraph. The remaining allegations in this paragraph refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

## CAUSES OF ACTION

### COUNT I

118. The State Defendants incorporate their answers above as though fully set forth herein.

119. The statements in this paragraph do not require a response. To the extent a response is required, they are denied.

120. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the State Defendants admit that they are governmental actors and deny that they took any action relevant to this dispute. The remaining allegations refer to the contents of a written document that speaks for itself, and any allegation that conflicts with the contents of that document is denied.

121. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

122. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

123. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

124. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. The State Defendants deny that the School Facilities Law categorically discriminates against transgender people based on gender nonconformity. The State Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Admitted.

139. Denied.

140. Denied.

141. Denied.

## COUNT II

142-151. The claims asserted in these paragraphs were dismissed by the Court, and therefore no response is required. To the extent a response is required, they are denied.

## PRAYER FOR RELIEF

1-10. The State Defendants deny that Plaintiff is entitled to any relief sought in the Complaint's "Prayer for Relief." At a minimum, though, this Court cannot issue relief beyond the parties to this suit.

## GENERAL DENIAL

To the extent that any of the allegations in Plaintiff's Complaint is not specifically admitted, denied, or otherwise addressed, they are hereby denied.

## ADDITIONAL DEFENSES

1. Plaintiff lacks standing to sue the Commissioner and Department of Education.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. The Commissioner and Department of Education have sovereign immunity.

[remainder of page left intentionally blank]

WHEREFORE, the Tennessee Department of Education and Lizzette Gonzalez Reynolds, Commissioner of the Tennessee Department of Education, requests that the Court enter judgment in their favor and against Plaintiff, together with costs and expenses and any other such relief that may be entitled.

Respectfully submitted,

JONATHAN SKRMETTI
ATTORNEY GENERAL AND REPORTER

ANDRÉE S. BLUMSTEIN
SOLICITOR GENERAL

JAMES MATTHEW RICE
  Associate Solicitor General &
  Special Assistant to the Solicitor General

GABRIEL KRIMM
  Assistant Solicitor General

*/s/Shanell L. Tyler*
SHANELL L. TYLER (BPR #36232)
  Assistant Attorney General

Office of the Tennessee
  Attorney General & Reporter
P.O. Box 20207
Nashville, TN 37202-0207
(615) 532-6026
Matt.Rice@ag.tn.gov
Shanell.Tyler@ag.tn.gov

*Counsel for the Tennessee Department and Commissioner of Education*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer to Complaint was electronically served on October 11, 2023, via the Court's CM/ECF filing system, upon the following:

Tricia Herzfeld
BRANSTETTER STRANCH & JENNINGS PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
triciah@bsjfirm.com

Adam S. Lurie
Jarrett Field
Rebecca Zeldin
LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
adam.lurie@linklaters.com
sean.mooney@linklaters.com
benjamin.kurland@linklaters.com

Jason Starr
Ami Patel
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Avenue NW
Washington, D.C. 20036
jason.starr@hrc.org
ami.patel@hrc.org

                                            /s/Shanell L. Tyler