## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| D.H. a minor by her next friends A.H., Mother, and E.H., father, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | |
| WILLIAMSON COUNTY BOARD OF EDUCATION; THE TENNESSEE DEPARTMENT OF EDUCATION; and LIZZETTE REYNOLDS, in her official capacity as Commissioner of the Tennessee Department of Education, | ) ) ) ) ) ) ) ) | Case No. 22-cv-00570 Judge Campbell Magistrate Judge Frensley |
| Defendants. | ) ) | |

## WILLIAMSON COUNTY BOARD OF EDUCATION'S
## ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes Defendant Williamson County Board of Education (hereinafter "WCBOE")[1] and for answer to the Complaint filed against it would show as follows:

1.     WCBOE admits that the instant lawsuit challenges the "Tennessee Accommodations for All Children Act," Tenn. Code Ann. § 49-2-801, *et seq.* (the "School Facilities Law" or "Law"). As to the allegations regarding whether the statute is in accordance with the U.S. Constitution, WCBOE defers to the State Defendants, as the Attorney General is charged with defending the legality of the statutes of the state of Tennessee. Because Plaintiff's claim arising under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX"), was dismissed by Order entered on September 27, 2023, no response is required as to Plaintiff's allegation that the School Facilities Law violates Title IX.

2.     WCBOE admits that at the time of the filing of the Complaint, D.H. was an 8-year-old in the third grade at an elementary school (the "Elementary School") in Williamson County,

---

[1]     Jason Golden was named a defendant in his official capacity as Superintendent of Williamson County Schools. The claims against Superintendent Golden were dismissed by Order of the Court dated September 27, 2023. (Doc. 82.)

Tennessee. WCBOE admits that the DSM-5 describes adjustment disorder and includes the language cited in the Complaint. The remaining allegations of Paragraph 2 of the Complaint are admitted on information and belief.

3. WCBOE lacks sufficient information to admit or deny the allegations of the first two sentences of Paragraph 3 of the Complaint. The allegations of Paragraph 3 of the Complaint are denied to the extent that they suggest any teacher intentionally refused to use the pronouns requested by D.H.'s parents or that WCBOE was aware of bullying or harassment that went unaddressed by the school.

4. WCBOE admits on information and belief that an anonymized picture of D.H. was included in the Complaint.

5. The allegations of Paragraph 5 of the Complaint are admitted on information and belief.

6. WCBOE admits that staff at the Elementary School agreed to use "she/her" pronouns, as requested by D.H.'s parents. WCBOE admits that school administration did not feel it was in D.H.'s best interest for school personnel to make a formal public announcement to students. WCBOE denies that the Elementary School instructed D.H. to tell each of her 19 classmates individually. WCBOE lacks sufficient information to admit or deny the remaining allegations of Paragraph 6 of the Complaint.

7. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 7 of the Complaint, other than to admit on information and belief that D.H. attended online school for the first semester of the 2021-22 school year.

8. WCBOE admits the allegations of the first sentence of Paragraph 8 of the Complaint. WCBOE admits that D.H.'s parents spoke with various school administrators about D.H.'s transition and how the Elementary School could best support D.H. WCBOE admits that by the time the referenced conversation occurred, the Elementary School administration could not provide D.H. with access to multi-occupancy girls' bathrooms because the School Facilities Law

had come into effect.

9. WCBOE admits that D.H. had access to four single-occupancy restroom facilities at the Elementary School should D.H. desire not to utilize the boys' multi-occupancy facilities. WCBOE denies the remaining allegations of Paragraph 9 of the Complaint.

10. To the extent that the allegations of Paragraph 10 of the Complaint are addressed to WCBOE, they are denied. Because Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023, no response is required as to Plaintiff's allegation that the Elementary School's bathroom policy violates Title IX, other than general denial.

11. As to the allegations regarding the School Facilities Law, WCBOE defers to the State Defendants, as the Attorney General is charged with defending the legality of the statutes of the State of Tennessee.

12. WCBOE admits that D.H. seeks declaratory and injunctive relief to be allowed to use the multi-occupancy girls' restroom but denies that D.H. has established entitlement to such relief under applicable law.

13. WCBOE admits that D.H. purports to bring this action under 42 U.S.C. § 1983 to redress alleged deprivations of rights secured by the United States Constitution, but denies that WCBOE has deprived D.H. of any such rights. To the extent Paragraph 13 of the Complaint seeks a response as to Plaintiff's Title IX claim, such claim was dismissed by Order entered on September 27, 2023, and, therefore, no response is required other than in general denial.

14. WCBOE admits that this Court has subject matter jurisdiction of claims arising under 42 U.S.C. § 1983. Because Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023, no response is required as to Plaintiff's allegation concerning the Court's subject matter jurisdiction over such claim.

15. WCBOE admits that venue lies in this District.

16. WCBOE admits that this Court has the power to enter declaratory judgment and to provide injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure and

28 U.S.C. §§ 2201 and 2202. WCBOE denies that such relief is proper in this case.

17. WCBOE admits that this Court has personal jurisdiction over Defendants. WCBOE denies that it has taken action that is the moving force behind any denial of Plaintiff's "federal constitutional and statutory rights."

18. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 18 of the Complaint, except to admit on information and belief that D.H.'s school benchmark tests show that she scores in the top 98% for English Language Arts and top 96% in Math nationally, and that D.H. is a resident of Tennessee who began third grade on August 5, 2022.

19. The allegations of Paragraph 19 of the Complaint are admitted.

20. WCBOE admits that it is an elected body responsible for the operation of the Williamson County Schools, including the promulgation of policies; that it is a "person" within the meaning of 42 U.S.C. § 1983; and that it has acted and continues to act under color of State law in administration of the public schools within the District.

21. WCBOE admits that Jason Golden is the Director of the Williamson County Schools, appointed by the School Board. WCBOE admits that Golden has a duty to "[a]ct for the board in seeing that the laws relating to the schools and rules of the state and the local board of education are faithfully executed," that Golden is a person within the meaning of 42 U.S.C. § 1983, that he was sued in his official capacity, and that he has acted and continues to act under color of State law in exercise of his duties. Plaintiff's claims against Golden were dismissed by Order of this Court entered on September 27, 2023.

22. The allegations of Paragraph 22 of the Complaint contain conclusions of law directed to other Defendants and therefore no response by WCBOE is made thereto.

23. Denied that Penny Schwinn is the Commissioner of the Department of Education or that she continues to act under color of State law. On information and belief, Lizzette Reynolds is the current Commissioner of the Tennessee Department of Education. The remaining allegations of Paragraph 23 of the Complaint contain conclusions of law directed to other Defendants and

therefore no response by WCBOE is made thereto.

24.     WCBOE admits that it is legally obligated to comply with the School Facilities Law, and denies that its actions are the moving force that has caused or will proximately cause the harm alleged in the Complaint. WCBOE denies that it has or will continue to injure Plaintiff irreparably if not enjoined.  WCBOE avers that if the declaratory and injunctive relief requested in the Complaint is granted, said relief must extend to the statute itself, as to enjoin this Defendant without enjoining the operation of the School Facilities Law would render a manifestly unfair result.

25.     WCBOE admits that, at the time of the filing of the Complaint, D.H. was an 8-year-old who started third grade on August 5, 2022.

26.     The allegations of Paragraph 26 of the Complaint are admitted.

27.     The allegations of Paragraph 27 of the Complaint are admitted on information and belief.

28.     The allegations of Paragraph 28 of the Complaint are admitted on information and belief.

29.     WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 29 of the Complaint.

30.     The allegations of Paragraph 30 of the Complaint are admitted on information and belief.

31.     WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 31 of the Complaint.

32.     WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 32 of the Complaint.

33.     WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 33 of the Complaint.

34.     WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 34 of the Complaint.

35.     WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 35 of the Complaint.

36.     WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 36 of the Complaint.

37.     WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 37 of the Complaint.

38.     WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 38 of the Complaint.

39.     WCBOE admits the allegations of the first three sentences of Paragraph 39 of the Complaint on information and belief based upon information shared in D.H.'s Section 504 evaluation process. WCBOE lacks sufficient information to admit or deny the allegations of the remainder of Paragraph 39 of the Complaint.

40.     WCBOE admits that the allegations of Paragraph 40 accurately recite an excerpt from the American Psychiatric Association ("APA") position statement, and that in 2012, the APA revised its Diagnostic and Statistical Manual of Mental Disorders ("DSM") to remove "Gender Identity Disorder". The DSM now includes "Gender Dysphoria in Children" and outlines criteria for this diagnosis.

41.     The texts cited in Paragraph 41 of the Complaint speak for themselves and WCBOE neither admits nor denies the paraphrase of the text as contained in the Complaint.

42.     The text cited in Paragraph 42 of the Complaint speaks for itself and WCBOE neither admits nor denies the paraphrase of the text as contained in the Complaint.

43.     The text cited in Paragraph 43 of the Complaint speaks for itself and WCBOE neither admits nor denies the paraphrase of the text as contained in the Complaint.

44.     The text cited in Paragraph 44 of the Complaint speaks for itself and WCBOE

neither admits nor denies the paraphrase of the text as contained in the Complaint.

45. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 45 of the Complaint.

46. WCBOE admits that in-person school attendance for D.H.'s kindergarten year was cut short when the COVID-19 pandemic hit in March 2020. WCBOE lacks sufficient information to admit or deny the remaining allegations of Paragraph 46 of the Complaint.

47. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 47 of the Complaint.

48. WCBOE admits on information and belief that D.H. was "out" as transgender beginning in October of 2020, and that D.H.'s parents asked that D.H. be referred to using "she/her" pronouns. WCBOE admits that D.H. wore a mix of boys' and girls' clothes and grew longer hair. WCBOE admits that during the Fall of the 2020 school year, A.H. and E.H. shared concerns with the Elementary School and Williamson County school officials about D.H.'s social transition.

49. The allegations of Paragraph 49 of the Complaint are admitted.

50. WCBOE admits that the Elementary School's administration did not feel that it was appropriate to require teachers to make a formal announcement regarding D.H.'s gender identity to other students. WCBOE admits that administration and teachers agreed to use "she/her" pronouns and believed that students would be more comfortable organically learning D.H.'s gender identity as students communicated on their own level, without singling D.H. out in a way that would be uncomfortable for her and other students.

51. WCBOE denies the allegation that the Elementary School was not supportive of D.H. When Elementary School administration was notified of any incidents involving D.H., they addressed these issues. WCBOE denies knowledge that any teacher intentionally referred to D.H. with "he/him" pronouns after being asked to use "she/her" pronouns; however, due to some teachers knowing D.H. prior to the social transition, it is possible that "he/him" pronouns may have

been inadvertently used in isolated instances[2].

52.     WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 52 of the Complaint, except to admit that A.H. and E.H. enrolled D.H. in an online-only school for her second-grade year, which began in August 2021.

53.     WCBOE admits that for the fall of second grade, D.H. attended the online school. WCBOE lacks sufficient information to admit or deny the remaining allegations of Paragraph 53 of the Complaint.

54.     WCBOE admits that D.H. returned to the Elementary School halfway through second grade, in January of 2022. WCBOE lacks sufficient information to admit or deny the remaining allegations of Paragraph 54 of the Complaint.

55.     The allegations of Paragraph 55 of the Complaint are admitted.

56.     The allegations of Paragraph 56 of the Complaint are admitted.

57.     The allegations of Paragraph 57 of the Complaint are admitted.

58.     WCBOE admits that A.H. and E.H. were advised that D.H. could not use the girls' multi-use restroom. WCBOE denies that A.H. and D.H. were given this information only a day before school was to start.

59.     WCBOE admits that the single-occupancy restrooms made available to D.H. were: (1) the therapy room restroom; (2) the family restroom in the lobby of the school; (3) a restroom near the school gym; and (4) the restroom in the nurse's office.   The remaining allegations of Paragraph 59 of the Complaint are denied.

60.     WCBOE admits on information and belief that D.H. used the single-occupancy, therapy room restroom most often in second grade because it was closest to her classroom. WCBOE admits that the therapy room restroom is sometimes used by students experiencing emotional

---

[2]     Since the filing of the initial Complaint in this matter, the Tennessee General Assembly has passed a law that would prohibit WCBOE from disciplining a teacher who declines to use pronouns consistent with D.H.'s gender identity. *See* Tenn. Code Ann. § 49-6-5102.

distress or who have certain disabilities. WCBOE lacks sufficient information to admit or deny the remaining allegation of Paragraph 60 of the Complaint, except to deny the allegation that its restrooms are maintained in an unsanitary manner.

61. WCBOE admits that the single-occupancy family restroom in the lobby of the school is close to the school entrance and not within the secured area of the school. WCBOE lacks sufficient information to admit or deny whether D.H.'s parents fear for her safety when she uses this restroom. The remaining allegations of Paragraph 61 of the Complaint are denied.

62. WCBOE admits that the single-occupancy restroom near the gym was on the opposite side of the school from D.H.'s second grade classroom.

63. WCBOE denies the allegation that the single-occupancy restroom in the nurse's office was "not hygienic" but admits that it was used by students who were ill and seeing the nurse for treatment. WCBOE lacks sufficient information to admit or deny the remaining allegations of Paragraph 63 of the Complaint.

64. The allegations of Paragraph 64 of the Complaint are denied.

65. WCBOE admits that teachers at the Elementary School would often take entire groups to the restrooms at once. WCBOE denies that one of D.H.'s accommodations in her 504 Plan at the Elementary School was that her class would not stop as a group to use the restrooms. The remaining allegations of Paragraph 65 of the Complaint are denied.

66. WCBOE lacks sufficient information to admit or deny the allegations of the first sentence of Paragraph 66 of the Complaint. WCBOE denies that its administrators, teachers and counselors failed to support D.H., and aver that school personnel made significant efforts to support D.H.

67. The allegations of Paragraph 67 of the Complaint are denied.

68. WCBOE lacks sufficient information to admit or deny the specific allegations of Paragraph 68 of the Complaint but would aver that the Elementary School principal was advised by D.H.'s mother that D. H. had been using the bathroom more and was adjusting better by the

end of the 2022 spring semester.

69. WCBOE lacks sufficient information to admit or deny whether D.H. has been "subjected to more aggressive bullying and harassment by her classmates" but admits that D.H.'s parents have reported to administration that students have questioned D.H. about her gender. WCBOE denies that any teacher observed bullying or harassment of D.H. and failed to intervene.

70. WCBOE admits on information and belief that D.H. was involved in an altercation with a female friend at the bus stop and that the incident was addressed by the school, but lacks sufficient information to admit or deny the remaining allegations of Paragraph 70 of the Complaint, and denies that the alleged comments now attributed to the other female student were reported at the time of the incident.

71. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 71 of the Complaint.

72. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 72 of the Complaint.

73. WCBOE lacks sufficient information to admit or deny whether "all of these instances upset D.H." WCBOE admits on information and belief that D.H. advised a teacher that a student was questioning her choice of apparel and that the teacher indicated in the course of the conversation that everyone is allowed to have an opinion. WCBOE does not recall that D.H. reported "having to prove her gender" as described in the Complaint. WCBOE lacks sufficient information to admit or deny the allegations regarding A.H.'s conversation with other parents.

74. The allegations of Paragraph 74 of the Complaint are admitted.

75. WCBOE admits that D.H.'s psychologist has communicated with the principal of the Elementary School and explained her perspective as D.H.'s counselor, has offered her suggestions as to ways to support D.H., and has expressed her perspective that certain treatment by other students was harmful to D.H. WCBOE does not recall D.H.'s psychologist stating that "what the Elementary School is doing is harmful to D.H."

76. The allegations of Paragraph 76 of the Complaint are denied except that WCBOE admits that issues regarding gender nonconforming students present new challenges for educators that they are attempting to meet.

77. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 77 of the Complaint, but denies knowledge of any teacher who has intentionally disregarded the expressed wishes of D.H.'s parents with regard to pronoun usage.

78. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 78 of the Complaint.

79. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 79 of the Complaint.

80. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 80 of the Complaint.

81. WCBOE admits that Paragraph 81 of the Complaint paraphrases a portion of the *DSM-5* related to gender dysphoria.

82. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 82 of the Complaint.

83. WCBOE lacks sufficient information to admit or deny the allegations regarding what A.H. and E.H. "hope," but deny that WCBOE has engaged in unlawful discrimination against D.H.

84. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 84 of the Complaint.

85. WCBOE admits that A.H. and E.H. initially enrolled D.H. in a different elementary school in Williamson County for the third grade. WCBOE admits on information and belief that D.H. still wishes to attend the Elementary School for third grade. WCBOE admits that A.H. and E.H. re-enrolled D.H. in the Elementary School on July 12, 2022. WCBOE lacks sufficient information to admit or deny the remaining allegations of Paragraph 85 of the Complaint.

86.     The allegations of Paragraph 86 of the Complaint related to D.H.'s symptoms are denied, as D.H.'s mother advised the school principal that these symptoms abated during the 2022 spring semester. WCBOE denies it has taken any action that violates D.H.'s rights secured by the United States Constitution Equal Protection Clause. Because Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023, no response is required as to the allegation of Paragraph 86 concerning an alleged violation of Title IX.

87.     The allegations of Paragraph 87 of the Complaint are admitted.

88.     The allegations of Paragraph 88 of the Complaint are admitted.

89.     WCBOE admits that School District Policy 6.600, entitled "Student Records," states that a student's name used on their school records must be the same as shown on their birth certificate, "unless evidence is presented that such name has been legally changed." WCBOE admits that Policy 6.600 says nothing about changing a student's gender. Any independent claim related to school records was dismissed without prejudice by Order entered on September 27, 2023, and is not currently before the Court.

90.     WCBOE admits that School District Policy 6.602, entitled "Student Records Inspection & Correction Procedure," says that "[t]he Superintendent of Schools shall develop an acceptable procedure to establish an orderly process to review and potentially correct an education record." WCBOE lacks sufficient information to admit or deny the final sentence of Paragraph 90 regarding whether D.H, A.H., and/or E.H. are aware of any particular procedure. Any independent claim related to school records was dismissed without prejudice by Order entered on September 27, 2023, and is not currently before the Court.

91.     The allegations of Paragraph 91 of the Complaint are admitted.

92.     The allegations of Paragraph 92 of the Complaint are admitted.

93.     WCBOE admits that Governor Lee has signed a bill preventing transgender students from participating in certain high school and middle school sports, a bill that prevents physicians from prescribing hormone treatment for prepubertal transgender youth, a bill that

requires public schools to notify parents before offering any curriculum about sexual orientation and gender identity, and a bill that requires businesses with restrooms open to the public to post a notice at the entrance of each public restroom if the business allows transgender individuals to use the restrooms corresponding with their gender identity.

94.　　The allegations of Paragraph 94 of the Complaint are admitted.

95.　　The allegations of Paragraph 95 of the Complaint are admitted.

96.　　WCBOE admits that the School Facilities Law defines "sex" to mean "a person's immutable biological sex as determined by anatomy and genetics existing at the time of birth. Evidence of a person's biological sex includes, but is not limited to, a government-issued identification document that accurately reflects a person's sex listed on the person's *original* birth certificate." WCBOE admits that Tennessee law prohibits amending a gender marker on a birth certificate. WCBOE admits that the statutory definition of "sex" refers to "the person's original birth certificate" and declares a person's sex to be "immutable."

97.　　WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 97 of the Complaint.

98.　　WCBOE admits that the School Facilities Law provides that a "reasonable accommodation" "includes, but is not limited to, access to a single-occupancy restroom or changing facility or use of an employee restroom or changing facility." Tenn. Code Ann. § 49-2-802(2). WCBOE admits that "[a]ccess to a restroom or changing facility that is designated for use by members of the opposite sex while members of the opposite sex are present or could be present," is excluded from the definition of reasonable accommodation. WCBOE admits that the statute also excludes from the scope of a "reasonable accommodation" any "[r]equest[] that a school construct, remodel, or in any way perform physical or structural changes to a school facility; or [r]equest[] that a school limit access to a restroom or changing facility that is designated for use by members of the opposite sex."

99.　　The allegations of Paragraph 99 of the Complaint are denied to the extent that they

are directed to WCBOE. WCBOE staff makes reasonable efforts to accommodate students within the parameters of applicable law.

100.    The allegations of Paragraph 100 of the Complaint are denied to the extent that they are directed to WCBOE. WCBOE staff makes reasonable efforts to accommodate students within the parameters of applicable law.

101.    As the allegations of Paragraph 101 are not directed to WCBOE, no response is made thereto.

102.    WCBOE admits that the School Facilities Law provides a student, teacher, or employee a "private right of action against the [Local Education Agency ("LEA")] or public school" if they "encounter[] a member of the opposite sex in a multi-occupancy restroom or changing facility" while using such a facility associated with their designated "sex," and the LEA or public school "intentionally allowed a member of the opposite sex to enter the multi-occupancy restroom or changing facility while other persons were present." WCBOE admits that successful plaintiffs may recover "monetary damages, including . . . reasonable attorney fees and costs." WCBOE admits that Tennessee public schools are not free to enact policies allowing transgender students to use multi-occupancy restrooms consistent with their gender identity, as doing so opens them up to lawsuits by innumerable individuals.

103.    WCBOE admits that under the School Facilities Law, transgender students are precluded from using multi-occupancy restrooms and multi-occupancy changing facilities consistent with their gender identity.

104.    WCBOE admits that based upon its understanding of the "Tennessee Accommodations for All Children" Act, D.H. cannot be allowed to use a multi-occupancy girls' restroom or changing facility because D.H. was assigned "male" sex at birth. WCBOE lacks sufficient information to admit or deny the remaining allegation of Paragraph 104 of the Complaint

105.    The allegations of Paragraph 105 are not directed to Defendant WCBOE and therefore no response is made thereto.

106. The allegations of Paragraph 106 of the Complaint are admitted, although the holding of *Bostock* was expressly limited to allegations of discrimination in employment.

107. The allegations of Paragraph 107 of the Complaint are admitted.

108. The allegations of Paragraph 108 of the Complaint are admitted.

109. The allegations of Paragraph 109 are admitted; however, the Department of Justice (DOJ) Memorandum contradicts the express limitations set forth in *Bostock*.

110. WCBOE admits that the DOJ Memorandum contains the assertions set forth in Paragraph 110 of the Complaint; however, Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023.

111. WCBOE admits that the DOJ Memorandum contains the assertions set forth in Paragraph 111 of the Complaint; however, Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023.

112. WCBOE admits that the DOJ Memorandum contains the assertions set forth in Paragraph 112 of the Complaint; however, Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023.

113. WCBOE admits that the Department of Education Notice contains the assertions set forth in Paragraph 113 of the Complaint, however, that interpretation contradicts the express limitations set for in *Bostock*. Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023.

114. WCBOE admits that the Department of Education's Notice contains the assertions set forth in Paragraph 114 of the Complaint; however, Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023.

115. WCBOE admits that the Department of Education's Notice contains the assertions set forth in Paragraph 115 of the Complaint; however, Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023.

116. WCBOE admits that the Biden administration took the action outlined in Paragraph

116 of the Complaint.

117.    WCBOE admits that the Department of Education recently issued the proposed rule described in Paragraph 117 in the Complaint; however, Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023.

118.    WCBOE incorporates by reference the responses in paragraphs 1 through 117 as though fully set forth herein.

119.    WCBOE admits that Plaintiff seeks declaratory and injunctive relief against Defendants and that Plaintiff challenges the School Facilities Law both facially and as applied to Plaintiff. However, WCBOE denies that Plaintiff is entitled to such relief as to her claims against WCBOE.

120.    WCBOE admits that the Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." WCBOE admits that it is a governmental entity acting under color of State law for purposes of 42 U.S.C. § 1983 and the 14th Amendment. WCBOE denies that it has acted in violation of the Fourteenth Amendment.

121.    WCBOE admits that historically some transgender people have suffered discrimination, and that some transgender people continue to suffer discrimination. WCBOE denies that it has unlawfully discriminated against D.H.

122.    The allegations of Paragraph 122 of the Complaint are denied.

123.    WCBOE admits that it is not aware of D.H.'S gender identity or transgender status bearing any relation to D.H.'s ability to participate in the services and educational opportunities offered by WCBOE. As to the broader sociological statement contained in paragraph 123, WCBOE avers that what amounts to a "contribution to society" is so highly subjective as to make a meaningful response impossible.

124.    WCBOE lacks sufficient information to admit or deny the assertion of paragraph 124, except to admit that persons should not be subjected to unlawful discrimination based on

gender identity. WCBOE denies that any such unlawful discrimination has occurred with regard to D.H.

125. WCBOE lacks sufficient information to admit or deny the allegations of Paragraph 125 of the Complaint.

126. WCBOE admits that under the Equal Protection Clause of the Fourteenth Amendment, invidious and unlawful discrimination based on sex is subject to intermediate scrutiny and must be adequately tailored to further a sufficiently important state interest. WCBOE denies that unlawful discrimination based on sex includes discrimination based on gender nonconformity, gender identity, transgender status, and/or gender transition in any context other than the employment discrimination context under Title VII of the Civil Rights Act. WCBOE denies that the provision of sex-separated bathrooms implicates intermediate scrutiny under applicable precedent.

127. WCBOE admits that the Act classifies individuals based on biological sex, but denies that it facially classifies people based on gender identity and transgender status.

128. The allegations of Paragraph 128 are not directed to Defendant WCBOE and therefore no response is made thereto.

129. The allegations of Paragraph 129 are not directed to Defendant WCBOE and therefore no response is made thereto.

130. The allegations of Paragraph 130 are not directed to Defendant WCBOE and therefore no response is made thereto.

131. The allegations of Paragraph 131 are not directed to Defendant WCBOE and therefore no response is made thereto.

132. WCBOE denies the allegations of Paragraph 132 of the Complaint to the extent they are directed to WCBOE.

133. WCBOE denies the allegations of Paragraph 133 of the Complaint to the extent

they are directed to WCBOE.

134. WCBOE denies the allegations of Paragraph 134 of the Complaint to the extent they are directed to WCBOE.

135. WCBOE denies the allegations of Paragraph 135 of the Complaint to the extent they are directed to WCBOE.

136. WCBOE denies the allegations of Paragraph 136 of the Complaint to the extent they are directed to WCBOE.

137. WCBOE denies the allegations of Paragraph 137 of the Complaint to the extent they are directed to WCBOE.

138. WCBOE admits that it is the final policymaker for the Williamson County School District, but denies that its policies were the driving force behind any harm to Plaintiff, and avers that its policies are subject to constraints imposed by applicable law.

139. WCBOE denies the allegations of Paragraph 139 of the Complaint to the extent they are directed to WCBOE.

140. WCBOE denies the allegations of Paragraph 140 of the Complaint to the extent they are directed to WCBOE.

141. The allegations of Paragraph 141 of the Complaint are denied.

142. WCBOE incorporates by reference the answers to paragraphs 1 through 141 as though fully set forth herein.

143. Because Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023, no response to Paragraph 143 of the Complaint is required.

144. Because Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023, no response to Paragraph 144 of the Complaint is required.

145. The allegations of Paragraph 145 are not directed to Defendant WCBOE and therefore no response is made thereto.

146. Because Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023, no response to Paragraph 146 of the Complaint is required.

147. Because Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023, no response to Paragraph 147 of the Complaint is required.

148. Because Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023, no response to Paragraph 148 of the Complaint is required.

149. Because Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023, no response to Paragraph 149 of the Complaint is required.

150. Because Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023, no response to Paragraph 150 of the Complaint is required.

151. Because Plaintiff's Title IX claim was dismissed by Order entered on September 27, 2023, no response to Paragraph 151 of the Complaint is required.

152. All allegations not previously admitted or denied are hereby denied.

153. WCBOE denies that Plaintiff is entitled to any of the relief sought as to this Defendant.

## **AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted as to this Defendant, as WCBOE's actions or admissions are not the moving force behind any deprivation of D.H.'s rights.

2. The Complaint is barred by the doctrine of laches.

3. To the extent that the Complaint seeks relief related to D.H.'s 504 Plan and asserts a denial of free and public education, it is barred by D.H.'s failure to exhaust administrative remedies.

4. The WCBOE's restroom policy is rationally related to a governmental interest, and therefore survives the level of scrutiny assigned by the Sixth Circuit Court of Appeals to classifications based on gender identity. Even if the classification is found to be based on sex, it

does not implicate intermediate scrutiny because while it differentiates between the sexes, it does not discriminate between them in a manner that treats one sex more favorably than the other. Finally, even if the classification is found to discriminate based upon sex, and thus implicate intermediate scrutiny, it survives such scrutiny because it is substantially related to an important government interest.

5.     The WCBOE's restroom policy is not the moving force behind the harm complained of by Plaintiff.

6.     Plaintiff cannot establish a claim of disparate impact under the 14th Amendment because Plaintiff does not allege intentional discrimination by the WCBOE.

7.     To the extent WCBOE is responsible for enforcing state law and is considered a state actor, it is entitled to sovereign immunity as to Plaintiff's claims.

Now, having fully answered, WCBOE asks that all claims against it be dismissed, with costs taxed to the Plaintiff.

Respectfully submitted,

**BUERGER, MOSELEY & CARSON, PLC**

*/s/Lisa M. Carson*
Lisa M. Carson, BPR# 14782
Courtney M. King, BPR# 35625
*Attorneys for Defendant*
*Williamson County Board of Education*
4068 Rural Plains Circle, Suite 100
Franklin, TN  37064
Telephone:  (615) 794-8850
Facsimile:  (615) 790-8861
lcarson@buergerlaw.com
cking@buergerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been filed and delivered electronically via the Court's ECF system to:

| | |
|---|---|
| *Attorneys for Plaintiff*<br><br>Tricia Herzfeld<br>Herzfeld, Suetholz, Gastel, Leniski<br>  and Wall, PLC<br>223 Rosa L. Parks Avenue, Suite 300<br>Nashville Tennessee 37203<br>tricia@hsglaw.group.com<br><br>Adam S. Lurie<br>Jarrett Field<br>Rebecca Zeldin<br>LINKLATERS LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>adam.lurie@linklaters.com<br>jarrett.field@gmail.com<br>Rebecca.zeldin@linklaters.com<br><br>Jason Starr<br>Ami Patel<br>Human Rights Campaign Foundation<br>1640 Rhode Island Avenue NW<br>Washington, D.C. 20036<br>jason.starr@hrc.org<br>ami.patel@hrc.org | *Attorneys for the Tennessee Department of Education and Lizzette Gonzalez Reynolds, as Commissioner of the Tennessee Department of Education*<br><br>James Matthew Rice<br>Gabriel Krimm<br>Shantell L. Tyler<br>Attorney General's Office for the State of Tennessee<br>P.O. Box 2027<br>Nashville, Tennessee 37202<br>gabriel.krimm@ag.tn.gov<br>matt.rice@ag.tn.gov<br>Shanell.tyler@ag.tn.gov |

on this the 11th day of October, 2023.

/s/ Lisa M. Carson
Lisa M. Carson