IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| D.H., a minor, by her next friends A.H., mother, and E.H., father,<br><br>           Plaintiff,<br><br>    v.<br><br>WILLIAMSON COUNTY BOARD OF EDUCATION, et al.,<br><br>           Defendants. | Case No. 3:22-cv-00570<br>District Judge Campbell<br>Magistrate Judge Frensley |

**PROPOSED INITIAL CASE MANAGEMENT ORDER**

**A. JURISDICTION**:

The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under 42 U.S.C. § 1983 to redress alleged deprivations of the rights and privileges guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. The State Defendants maintain that D.H. lacks standing over the Commissioner and Department of Education and that sovereign immunity protects both from suit.

**B. BRIEF THEORIES OF THE PARTIES**:

<u>For Plaintiff</u>: The Tennessee Accommodations for All Children Act, 2021 Tenn. Pub. Ch. 452 (the "School Facilities Law"), precludes transgender students in Tennessee public schools from using the multi-occupancy restrooms and changing facilities consistent with their gender identity, and instead requires them to either use the facilities that correspond to the sex they were assigned at birth, or to otherwise request a "reasonable accommodation," including use of a single-user facility. By precluding Plaintiff D.H., a transgender girl enrolled in fourth grade in an

elementary school located in the Williamson County School District, from accessing the facilities consistent with her gender identity, the School Facilities Law violates the Equal Protection Clause.

<u>For State Defendants</u>[1]: D.H. cannot prove a violation of the Equal Protection Clause. D.H. cannot show disparate treatment from those similarly situated to D.H. D.H. raises a claim for discrimination based on transgender status, not discrimination based on sex. Rational-basis review thus applies. But, regardless, the challenged bathroom policy satisfies both intermediate scrutiny and rational basis review. The policy furthers important government interests—including privacy and safety interests—by means substantially related to the achievement of those objectives. Furthermore, D.H. cannot obtain the relief sought. The Court can only provide relief to D.H. at the specific elementary school D.H. attends. Plaintiff has *not* properly challenged the Tennessee Accommodations for All Children Act, Tenn. Code Ann. § 49-2-801 *et seq.*, or any action of the Tennessee Department of Education or its Commissioner.

<u>For School Defendant</u>[2]: The policy of the WCBOE for use of multi-occupancy student restrooms (the "policy"), which complies with the Tennessee Accommodations for All Children Act, Tenn. Code Ann. § 49-2-801, *et seq.* ("the Act"), does not violate the Equal Protection Clause, U.S. Const., amend. XIV, § 1, because the policy does not classify or discriminate against students based on transgender status; mere disparate impact is not sufficient to establish an equal protection claim absent intentional discrimination by WCBOE, which did not occur; Plaintiff cannot show she was treated differently from individuals who are similarly situated in all material respects; and

---

[1] The State Defendants are the Tennessee Department of Education; and Lizzette Gonzalez Reynolds, in her official capacity as Commissioner of the Tennessee Department of Education.

[2] The School Defendant is the Williamson County Board of Education. Pursuant to the Court's Order dated September 27, 2023 (ECF No. 83), Jason Golden, in his official capacity as Director of the Williamson County Schools, was dismissed as a Defendant.

the policy is rationally related to legitimate government interests of WCBOE, including compliance with state law, protection of financial resources due to the liabilities created under the terms of the Act, student privacy and safety. While the policy does classify students based upon sex for purposes of assignment to multi-occupancy restrooms, such classifications have routinely been found not to operate to the disadvantage of one sex nor to be invidiously discriminatory, and therefore do not implicate intermediate scrutiny. Even if the policy did implicate intermediate scrutiny, the separation of the sexes for purposes of using the restroom is substantially related to the important government interests of protecting security and privacy. Further, the policy is not the moving force behind any constitutional deprivation suffered by Plaintiff.

**C.  ISSUES RESOLVED**:

Venue.

**D.  ISSUES STILL IN DISPUTE**:

Whether the School Facilities Law violates the Equal Protection Clause, whether the WCBOE policy violates the Equal Protection clause, whether D.H. has standing to sue State Defendants, whether the State Defendants are entitled to sovereign immunity, whether Plaintiff has a right of action against the State Defendants, whether Plaintiff is entitled to injunctive and/or declaratory relief, and, if so, the appropriate scope of injunctive and/or declaratory relief.

**E.  INITIAL DISCLOSURES**:

The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1), on or before **December 15, 2023**. The parties agree to cooperate on preparing a proposed stipulated protective order, which shall be filed with the Court sufficiently in advance of the deadline for producing copies of the documents listed in initial disclosures provided for herein. The parties

shall exchange copies of the documents listed in initial disclosures within fourteen (14) days after a protective order has been entered, but no sooner than December 15, 2023.

F. **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS**:

The parties are encouraged to make settlement efforts throughout the pendency of this case and must make at least one **substantive** attempt at resolution. By no later than **January 11, 2024**, the parties must file a joint case resolution status report confirming their substantive attempt at settlement. The parties' joint report **must state** the specific steps taken toward case resolution, including that an offer or demand was made and responded to and that counsel discussed the parties' positions and specific next steps to promote case resolution. In other words, the parties must "show their work" in creating a plan to facilitate successful settlement negotiations. The parties may mediate by agreement without the need of further order unless referral for pro bono mediation is requested (which must be made by motion). Any motion for pro bono mediation must include a statement as to why private mediation is not feasible. Any motion for a judicial settlement conference must state (i) the reasons why mediation is not feasible and why a judicial settlement conference is the preferable means of attempting to resolve the case; (ii) the parties' proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference. The parties' compliance with this case resolution plan is not optional. **The fact that discovery is ongoing or that a dispositive motion is pending does not relieve the parties of their obligations under this case resolution plan.**

G. **DISCOVERY**:

The parties must complete all written discovery and depose all fact witnesses on or before **June 18, 2024**.[3] Discovery requests must be served no later than 30 days prior to the expiration of the discovery deadline. Any discovery-related issues arising for the first time between the deadline for discovery-related motions and the above-referenced deadline for completion of all written discovery must be raised within 5 days of the issue arising. Written discovery shall proceed promptly (unless otherwise provided for herein). Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. All discovery-related motions must be filed by no later than **July 18, 2024**, unless otherwise ordered by the Court. It will be within the discretion of the Magistrate Judge whether to allow filing of discovery-related motions, after counsel have scheduled and participated in a discovery conference. In connection with any discovery conference, the affected parties must file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint

---

3   Plaintiffs have not yet determined whether their discovery requests will implicate the need for FERPA motions. Defendants take the position that if extensive FERPA-protected information related to non-parties is sought, these discovery deadlines will likely need to be extended. Plaintiffs are of the opinion that the proposed deadlines will be sufficient even if FERPA motions are needed.

discovery dispute statement shall certify that lead counsel for every affected party held the required telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. No discovery conference will be held until a compliant joint statement is filed. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response.

**H.     MOTIONS TO AMEND OR TO ADD PARTIES**:

Any motions to amend or to add parties must be filed by no later than **January 18, 2024**, unless otherwise ordered by the Court, and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

**I.     DISCLOSURE AND DEPOSITIONS OF EXPERTS**:

The plaintiff must identify and disclose all expert witnesses and expert reports on or before **July 24, 2024**. The defendants must identify and disclose all expert witnesses and reports on or before **September 23, 2024**. Rebuttal experts and reports shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C). Expert depositions must be completed by **November 29, 2024**.

**J.     SUBSEQUENT CASE MANAGEMENT CONFERENCE**:

A subsequent case management conference shall be held telephonically using the Court's conference line on **May 6, 2024**, to address: status of discovery (including any known or

6

Case 3:22-cv-00570    Document 102    Filed 11/02/23    Page 6 of 11 PageID #: 743

anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters.

K.      **DISPOSITIVE MOTIONS**:

Any motions to dismiss under Fed. R. Civ. P. 12 shall be filed and briefed in accordance with that rule and Local Rule 7.01. All other dispositive motions must be filed by no later than **February 28, 2025**. Responses to dispositive motions must be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 7 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

L.      **ELECTRONIC DISCOVERY**:

The parties have reached an agreement on how to conduct electronic discovery. Administrative Order No. 174-1 therefore need not apply to this case. The parties agree that disclosure or discovery of electronically stored information should be requested with as much specificity/particularity as possible to minimize the required expense. Unless otherwise agreed upon, the parties must disclose/produce electronically stored information (ESI) that does not exceed 5 GB via a secure link provided via email at the time a production letter is emailed, unless the parties agree otherwise. On the occasions when a particular document production exceeds 5 GB, the responsive information may be produced via an external hard drive (with standard PC compatible interface) or USB drive, so long as such production is accompanied by a transmittal letter and sent no slower than overnight delivery via FedEx, UPS, or USPS. Each production

transmittal letter shall include: (1) text referencing that it was produced in this matter, (2) the type of materials on the media (e.g., "Documents," "OCR Text," "Objective Coding," etc.), (3) the production date, (4) the Bates number range of the materials contained on such production media item, and (5) a short description of the categories of information in the production (e.g., Custodian X's email, centralized school records, etc.). The parties shall designate the appropriate physical address for productions exceeding 5 GB that are produced on physical media. ESI may not be produced in hardcopy. Consistent with Federal Rule of Civil Procedure 24(b)(2)(E)(iii), the parties need not produce the same ESI in more than one form. The parties agree that it is too early in the litigation to discuss the parameters of any search for potentially relevant ESI, but the parties agree to discuss search parameters, including keyword search terms, and will confer to attempt to reach an agreement once written discovery is propounded that seeks potentially voluminous ESI. The parties shall also take reasonable steps to ensure that documents, ESI and other tangible objects that are the subject of a discovery request are not destroyed, removed, mutilated, altered, concealed, deleted or otherwise disposed of.

**M. MODIFICATION OF CASE MANAGEMENT ORDER:**

Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements

of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date.  Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N.REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS:

Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

O.ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:

The BENCH trial of this action is expected to last approximately 2 days.  A trial date no earlier than **August 5, 2025** is respectfully requested.  An order setting dates for trial and a pretrial

conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Campbell.

It is so ORDERED.

                                                                          _____
                                                                          JEFFERY S. FRENSLEY
                                                                          United States Magistrate Judge

Dated: November 2, 2023

APPROVED FOR ENTRY:

By: */s/ Tricia Herzfeld*
Tricia Herzfeld (BPR #26014)
BRANSTETTER STRANCH & JENNINGS PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
T: (615) 254-8801
F: (615) 255-5419
triciah@bsjfirm.com

Adam S. Lurie*
Rebecca Zeldin*
Jarrett Field*
LINKLATERS LLP
1290 Avenue of the Americas
New York, NY 10104
T: (212) 903-9000
F: (212) 903-9100
adam.lurie@linklaters.com
rebecca.zeldin@linklaters.com
jarrett.field@linklaters.com

Jason Starr*
Ami Rakesh Patel*
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Avenue NW
Washington, D.C. 20036
T: (202) 628-4160
F: (202) 628-0517
Sarah.Warbelow@hrc.org
Jason.Starr@hrc.org

* Admitted *pro hac vice*

*Attorneys for Plaintiff D.H., a minor, by her next friends A.H., mother, and E.H., father*

By: */s/ Lisa M. Carson*
Courtney M. King
Lisa M. Carson
BUERGER, MOSELEY & CARSON, PLC
4068 Rural Plains Circle
Franklin, TN 37064
T: (615) 794-8850
F: (615) 790-8861
cking@buergerlaw.com
lcarson@buergerlaw.com

*Attorneys for Defendants Williamson County Board of Education*

By: */s/ Jeffrey B. Cadle*
James Matthew Rice, Associate Solicitor General & Special Assistant to the Solicitor General
Gabriel Joseph Krimm, Assistant Solicitor General
Jeffrey B. Cadle, Assistant Attorney General
Shanell L. Tyler, Assistant Attorney General
Office of the Attorney General and Reporter
P.O. Box 20207
Nashville, TN 37202
T: (615) 532-6026
F: (615) 741-2009
Matt.Rice@ag.tn.gov
Jeffrey.Cadle@ag.tn.gov
Shanell.Tyler@ag.tn.gov

*Attorneys for Defendants, Lizzette Gonzalez Reynolds, in her official capacity as Commissioner of the Tennessee Department of Education, and the Tennessee Department of Education*